Alfio Colin and Marian Colin v. Commissioner.
Colin v. Commissioner
Docket No. 77968.
United States Tax Court
T.C. Memo 1961-31; 1961 Tax Ct. Memo LEXIS 317; 20 T.C.M. (CCH) 145; T.C.M. (RIA) 61031; February 7, 1961
*317 Robert M. Curtis, Esq., for the petitioners. Richard W. Roe, Esq., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The Commissioner has determined a deficiency of $1,064.73 in the income tax of the petitioners for 1955. The issues are the correctness of the respondent's action: (1) in failing to determine that an amount of $15,485 reported as income received as salary represented the proceeds of sale of a capital asset held for more than 6 months, and (2) in disallowing a deduction of $2,400 taken for traveling expenses. Findings of Fact Some of the facts have been stipulated and are found accordingly. The petitioners, husband and wife, resided in Clifton, New Jersey, until on or about February 22, 1955, when they moved to and became residents of Hollywood, Florida. They filed a joint Federal income tax return for 1955 with the director for the district of Florida. In March 1948 Colin Brothers Construction Co., Inc., was organized under the laws of New Jersey. The original issue of the capital stock of the corporation was 500 shares of common stock, issued as follows: No. of shares
Alfio Colin (petitioner)
248
Gino Colin (brother of petitioner)
250
Henry L. Janowski (the attorney
who handled the legal details re-
lating to the formation of the
corporation)
2
Total
500
*318 About May 1, 1948, Janowski transferred his 2 shares in the corporation to Gino or to Gino's wife, Linda Colin. About June 21, 1948, Alfio sold his 248 shares in the corporation to Linda. Subsequent to Alfio's sale to Linda, none of the capital stock of the corporation has ever been registered in the name of the petitioners herein, or in the name of either of them. When Alfio sold his 248 shares of stock in the corporation to Linda, he severed his connections with the corporation. Sometime between June 21, 1948, and January 1, 1953, the name of the corporation was changed to Colin Construction Co., Inc., which sometimes hereinafter will be referred to as Colin, Inc. Since the time of its formation Colin, Inc., has engaged in the general contracting business and at the time of the trial herein maintained its principal office in Paterson, New Jersey. At all times material herein Gino Colin has been president of Colin, Inc., and in charge of its affairs. Between 1948 and 1951 Alfio had no connection with Colin, Inc. At or about the beginning of 1951 he owned all the stock in Colin Building Corporation, a New Jersey Corporation organized in 1950, and engaged in the construction business *319 with principal office in Clifton, New Jersey, and sometimes hereinafter referred to as Colin Building. By 1951, the business of Colin Building was not going well and Alfio began importuning Gino to permit him to become associated with Gino and Colin, Inc., which had plenty of construction work. Finally Gino concluded to forget the arguments that had occurred between him and Alfio when they formerly were associated together, and he and Alfio entered into an oral agreement which provided that Alfio would enter the employment of Colin, Inc., and receive as salary for his services onehalf of the net income of that corporation and further that they would form a partnership to engage in the construction business in which each would have a one-half interest and the net income of which they would share equally. Pursuant to the agreement Alfio entered the employment of Colin, Inc., in March 1951 and about the same time Gino and he formed a partnership under the name of G.A.C. Construction Company, sometimes hereinafter referred to as G.A.C. Neither the abovementioned oral agreement between Gino and Alfio nor any other agreement gave Alfio any interest in Colin, Inc., other than the right *320 to receive one-half of that corporation's net income as salary for his services to it. During each of the years 1953 and 1954, Alfio received $10,000 from Colin, Inc., as salary for services rendered to the corporation during those years. The corporation withheld from such payments the amounts required to be withheld by an employer under the laws of the United States. In his income tax return for each of the years he reported salary payments of $10,000 from the corporation. Following a disagreement with Gino, Alfio terminated his services with Colin, Inc., during the first week of February 1955. About the time of such termination, Alfio, Gino, and Bernard Fink, who was their accountant and also the accountant for Colin, Inc., met at the office of Colin, Inc., which was also the office of G.A.C. Following a discussion between Gino and Alfio of matters relating to Colin, Inc., including construction work not fully completed and for which the corporation had not received payment, they agreed on a settlement between Alfio and the corporation. On the basis of the agreement the accountant made a computation of the unpaid salary owing by Colin, Inc., to Alfio which disclosed that an amount *321 of $15,485 was so owing. At or about that time the $15,485, less the amount of $3,106.50, representing Federal income tax of $3,000 and other withholding taxes, or $12,378.50, was paid by Colin, Inc., to Alfio by three checks. One of the checks, which was in the amount of $8,014, was endorsed by Alfio to G.A.C. for an undisclosed purpose, and another of the checks, which was in the amount of $960, was endorsed by Alfio to Colin, Inc., as payment for a truck purchased from it. The record is silent as to Alfio's disposition of the remaining check which was in the amount of $3,404.50. In its income tax return for 1955, Colin, Inc., deducted the above-mentioned $15,485 as a business expense and issued to Alfio withholding Form W-2 for 1955 showing Alfio's salary as $15,485 and $3,000 thereof withheld as Federal income tax. In his Federal income tax return for 1955, which was filed May 24, 1956, Alfio reported as income a salary from Colin, Inc., of $15,485 and Federal income tax of $3,000 as withheld therefrom. In determining the deficiency here involved the respondent made no adjustment with respect to the salary from Colin, Inc., or the tax withheld as reported by Alfio in his income *322 tax return. After having terminated his services with Colin, Inc., and effected a settlement with it, as set forth above, and having moved from New Jersey to Hollywood, Florida, Alfio about March 1, 1955, purchased a motel there. During the remainder of 1955 Alfio was engaged in the motel business. G.A.C., the partnership between Gino and Alfio, continued active operations until some time in September 1955 when its operations ceased. In his income tax return for 1955 Alfio reported income in the amount of $4,810.96 as having been received from G.A.C. Between the time he moved to Florida and the cessation of the operations of G.A.C., Alfio made three trips from Florida to New Jersey to confer with Gino about the affairs of G.A.C. In making the three trips Alfio expended a total of $300 for traveling expenses. In his income tax return for 1955 Alfio took a deduction of $2,400 which was explained as "Non-Reimbursed Travel Expenses In Connection With Employment (Colin Construction Co., Inc. - N.J.)." In determining the deficiency the respondent disallowed the entire amount of the deduction. Opinion The petitioners contend that the amount of $15,485 which Alfio reported in his *323 income tax return as salary received from Colin, Inc., in 1955 was in fact not salary but the proceeds realized from the sale of his one-half interest in Colin, Inc., to Gino, that such interest was a long-term capital asset, the basis of which was $4,000, and that the income tax liability of the petitioners should be redetermined accordingly. In support of his contention, Alfio, relying in the main on his own testimony, urges that he acquired the one-half interest in Colin, Inc., which he alleges was sold to Gino in 1955, by reason of the agreement between Gino and him under which he became associated with Colin, Inc., in March 1951. He urges that the consideration given by him for such one-half interest was certain construction equipment which he transferred to Colin, Inc., from Colin Building, of which he was the sole stockholder, and which equipment he and Gino valued at $4,000. After a careful consideration of the evidence relating to this issue, including the testimony of Gino, we have concluded and found as a fact that the agreement between Gino and Alfio, under which Alfio became associated with Colin, Inc., in March 1951 was that Alfio would enter the employment of Colin, *324 Inc., and receive as salary for his services one-half of the net income of that corporation. We have further found that neither that agreement nor any other agreement gave Alfio any interest in Colin, Inc., other than the right to receive one-half of that corporation's net income as salary for his services to it. The testimony of Gino is to the effect that the construction equipment which Alfio urges was transferred by him to Colin, Inc., was in fact transferred by Alfio to the G.A.C. partnership and not to Colin, Inc. Since Alfio has failed to show that he acquired a one-half interest in Colin, Inc., as contended by him, we conclude that in 1955 he did not own an interest in the corporation as he urges and therefore he sold none to Gino. We hold for the respondent on this issue. As to the remaining issue, Alfio concededly maintained no records of his traveling expenses and he was unable to state any date on which he traveled, or the amount expended on any trip. The deduction of $2,400 taken by Alfio was concededly an estimate and was shown in the return as having been taken with respect to travel in connection with the affairs of Colin, Inc. We are unable to find that any portion *325 of the deduction was properly allowable for such purpose. However, we have found that Alfio did make three trips from Florida to New Jersey in connection with the affairs of the G.A.C. partnership and are satisfied that he incurred some expense on each trip. In the absence of evidence as to the amounts expended on these trips we have applied the rule of , and found that he expended a total of $300 for traveling expenses on such trips. In a recomputation of the deficiency, that amount will be allowed as a deduction. Decision will be entered under Rule 50.